Clerke, J.
We are to presume, of course, that the legislature had a special purpose in allowing a term to intervene before a defendant, who is in custody of the sheriff at the time judgment is rendered against him, can move for a supersedeas, on the ground that the plaintiff has not charged him in execution. What was this purpose ? Obviously to enable either party to make any motion, which the condition of the case, or of the parties, should render allowable or necessary. At the time the statute was enacted—April 19, 1813 (1 Rev. Stat., 353, § 12; 2 Rev. Stat., 256, §§ 36, 37)—motions of any kind could be heard only at one of the four general terms of the court. Afterwards, indeed, in 1830, special terms were established for the purpose of hearing and deciding, during the vacations intervening between the general terms, all such non-enumerated business as may arise, except such as the court should by rule direct to be heard at the general term. But, at the time at which the statute to which I have referred, was first enacted, and at the time it was copied by the revisors of the Revised Statutes, there were only those four general or calendar terms, at wliich the justices sat in bane, and at which *412 alone, as I have said, motions could be made. The practice now, however, is entirely altered. Terms for non-enumerated motions are heard during every month in the year. So that the purpose which induced the legislature to allow a term to intervene before a defendant in custody could move for his discharge, is now satisfied every month, instead of every three months, as formerly. The provision must he construed so as to conform to the present system, and not .to one which no longer exists. There could he no adequate object now for allowing a general term to intervene before a defendant could move for his discharge ; because no motion relating to the action could be made at a general term. On the contrary, the special term, is the branch of the court, where alone such motions can he made-; and the period within which the plaintiff must charge the defendant in execution, is from the last day of the special term for non-enumerated motions, following that at which j udgment was obtained. In thé present case this was, at the farthest, the 5 th day of August, being the Saturday preceding the first Monday in August. More than three months have elapsed from that day; and, as the plaintiff has neglected to charge the defendant in execution within that time, he must he discharged.
The motion is granted.